IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Elias Guerra )
)
) Civil Docket Number: 1:05-cv-10440 (PBS)
v. )
)
)
United States Of America )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255

**NOW COMES** Elias Guerra, petitioner, pro se in the above-captioned cause who here-by respectfully submits this **Memorandum Of Law** in support of Petitioner's docketed Motion pursuant to 28 U.S.C. § 2255.

### FACTUAL ALLEGATIONS

The assistance rendered by Court Appointed Counsel fell far below the level of required professional responsibility of effectiveness required by the Sixth Amendment.

After Petitioner's arrest and all the way until his sentencing, Petitioner was represented by Court Appointed Counsel John A. Amabile. Petitioner's main contention concerning Mr. Amabile's deficient representation are based on factors which sufficiently meet the criteria of Ineffective Assistance Of Counsel which caused and has resulted into a deprivation of Due Process and loss of liberty.

Criminal defendant's have a right to the effective assistance of counsel during all critical stages of the criminal

(1)

process. See **Mempa v. Rhay,** 389 U.S. 128 (1967).

Here the error committed in this case is as plain as crystal. Due to the fact that petitioner entered a guilty plea with the government, and the plea was accepted by this court without any § 851 notice of prior conviction enhancement by the government, petitioner was not subject to an enhanced provision under the Career Offender Guideline, **4B1.1**.

Even though the petitioner, at sentencing, declined to withdraw his guilty plea under the career offender enhancement, this district court was in error and improperly sentenced the petitioner to 41 months which exceeded the prescribed offense of level 8.

The district court has erred by applying the career offender enhancement due to the fact that the law states that it cannot be applied unless the government gives the § 851 notice.

The United States Attorney did not file any information under § 851 with the court, counsel or petitioner. Therefore, according to the law, the career offender enhancement that was applied to the petitioner **must be removed** since it is unconstitutional and it was unlawfully applied.

For a defendant's sentence to be enhanced under the provisions of § 841, the government must meet the requirement of 21 **U.S.C.** § 851. See **United States v. Rutherford**, 17 F.3d 899, 903 (11th Cir. 1999) **Id.** at 1328.

(2)

Here, the evidence shows that the law enforces the procedural requirement of **21 U.S.C. § 851** when the government seeks to enhance a petitioners sentence by prior misdemeanor and suspended complaints. Therefore, the sentence which is imposed under the career offender enhancement is totally invalid and unconstitutional. This error created a fundamental defect in the whole proceeding that must be correct to protect this miscarriage of justice.

Recently, the United States Supreme ruled to limit Judge's use of police reports and other information from past convictions to bolster a defendant's sentence.

On March 7th 2005 the United States Supreme Court Ruled and Decided upon the case of **Shepard v. United States** and affirms that, unless used in an advisory capacity, it is unconstitutional to enhance offender's for prior conviction and complaints, that are not based upon the requirement of certainty and accuracy of the criminal history.

Petitioner's past criminal history amounts only to misdemeanors and suspended complaints in the State Of Massachusetts. Petitioner respectfully moves this district court to grant petitioner a reduction of sentence as deemed just anf fair in light of the United States Supreme Court recent ruling citing **Shepard v. United States.**

The errors erred by this district court are as follows: **(a)** A violative sentence imposed inviolation of the Constitution and laws of the United States. **(b)** This District Court has

(3)

erroneously imposed a sentence in the absence of certainty and required sufficiency of evidence. **(c)** The United States Attorney lacks jurisdiction to apply the career offender enhancement in absence of a required § 851 notice.

## CONCLUSION

Based on the foregoing, petitioner's counsel has failed to provide effective assistance of counsel. Due to counsel's poor and ill representation, petitioner has suffered prejudice and will have to serve a longer prison sentence. Thus, it is necessary and fair to say that this district court is in plain error . This harmful error affects petitioner's substantial rights and the fairness and integrity of the judicial proceedings.

It is herefore respectfully requested for this court to reduce petitioner's sentence to the appropriate charged offense of illegal re-entry without the career offender enhancement.

Respectfully Presented,

_Elias Guerra_
Elias Guerra, Pro se
Federal Reg. No. 24777-038
F.C.I. Ray Brook
Post Office Box 9007
Ray Brook, New York 12977

(4)

## CERTIFICATE OF SERVICE

Sworn and subscribed before me on this ___5TH___ day of __April__ 2005.

__Essex__
County

__Donald L. Dumas__
Notary Public

My commission expires _____

DONALD L. DUMAS
Notary Public, State of New York
No. 01DU6083407
Qualified in Franklin County
My Commission Expires November 12, 20__06__

I, Elias Guerra, do here-by certify that I have served a true copy of the aforementioned document to the United States District Court for the District Of Massachusetts, One Courthouse Way Boston, Massachusetts 02110, to the attention of the Clerk Of Court for the Honorable Justice Patti b. Saris. Pre-paid postage has been affixed and this document has been given to prison officials for deposit in the United States Mail on this __5TH__ day of __April__, 2005

Respectfully,

__Elias Guerra__
Elias Guerra, Pro se

(5)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Elias Guerra )
)
)  Civil Docket Number: 1:05-cv-10440 (PBS)
v. )
)
)
United States Of America )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## PURSUANT TO 28 U.S.C. § 2255

**NOW COMES** Elias Guerra, petitioner, pro se in the above-captioned cause who here-by respectfully submits this **Memorandum Of Law** in support of Petitioner's docketed Motion pursuant to 28 U.S.C. § 2255.

### FACTUAL ALLEGATIONS

The assistance rendered by Court Appointed Counsel fell far below the level of required professional responsibility of effectiveness required by the Sixth Amendment.

After Petitioner's arrest and all the way until his sentencing, Petitioner was represented by Court Appointed Counsel John A. Amabile. Petitioner's main contention concerning Mr. Amabile's deficient representation are based on factors which sufficiently meet the criteria of Ineffective Assistance Of Counsel which caused and has resulted into a deprivation of Due Process and loss of liberty.

Criminal defendant's have a right to the effective assistance of counsel during all critical stages of the criminal

(1)

process. See **Mempa v. Rhay,** 389 U.S. 128 (1967).

Here the error committed in this case is as plain as crystal. Due to the fact that petitioner entered a guilty plea with the government, and the plea was accepted by this court with out any § 851 notice of prior conviction enhancement by the government, petitioner was not subject to an enhanced provision under the Career Offender Guideline, **4B1.1**.

Even though the petitioner, at sentencing, declined to withdraw his guilty plea under the career offender enhancement, this district court was in error and improperly sentenced the petitioner to 41 months which exceeded the prescribed offense of level 8.

The district court has erred by applying the career offender enhancement due to the fact that the law states that it cannot be applied unless the government gives the § 851 notice.

The United States Attorney did not file any information under § 851 with the court, counsel or petitioner. Therefore, according to the law, the career offender enhancement that was applied to the petitioner **must be removed** since it is unconstitutional and it was unlawfully applied.

For a defendant's sentence to be enhanced under the provisions of § 841, the government must meet the requirement of **21 U.S.C. § 851**. See **United States v. Rutherford**, 17 F.3d 899, 903 (11th Cir. 1999) **Id.** at 1328.

(2)

Here, the evidence shows that the law enforces the procedural requirement of **21 U.S.C. § 851** when the government seeks to enhance a petitioners sentence by prior misdemeanor and suspended complaints. Therefore, the sentence which is imposed under the career offender enhancement is totally invalid and unconstitutional. This error created a fundamental defect in the whole proceeding that must be correct to protect this miscarriage of justice.

Recently, the United States Supreme ruled to limit Judge's use of police reports and other information from past convictions to bolster a defendant's sentence.

On March 7th 2005 the United States Supreme Court Ruled and Decided upon the case of **Shepard v. United States** and affirms that, unless used in an advisory capacity, it is unconstitutional to enhance offender's for prior conviction and complaints, that are not based upon the requirement of certainty and accuracy of the criminal history.

Petitioner's past criminal history amounts only to misdemeanors and suspended complaints in the State Of Massachusetts. Petitioner respectfully moves this district court to grant petitioner a reduction of sentence as deemed just anf fair in light of the United States Supreme Court recent ruling citing **Shepard v. United States.**

The errors erred by this district court are as follows: (a) A violative sentence imposed inviolation of the Constitution and laws of the United States. (b) This District Court has

(3)

erroneously imposed a sentence in the absence of certainty and required sufficiency of evidence. **(c)** The United States Attorney lacks jurisdiction to apply the career offender enhancement in absence of a required § 851 notice.

## CONCLUSION

Based on the foregoing, petitioner's counsel has failed to provide effective assistance of counsel. Due to counsel's poor and ill representation, petitioner has suffered prejudice and will have to serve a longer prison sentence. Thus, it is necessary and fair to say that this district court is in plain error . This harmful error affects petitioner's substantial rights and the fairness and integrity of the judicial proceedings.

It is herefore respectfully requested for this court to reduce petitioner's sentence to the appropriate charged offense of illegal re-entry without the career offender enhancement.

Respectfully Presented,

_Elias Guerra_
Elias Guerra, Pro se
Federal Reg. No. 24777-038
F.C.I. Ray Brook
Post Office Box 9007
Ray Brook, New York 12977

(4)

## CERTIFICATE OF SERVICE

Sworn and subscribed before me on this ___5TH___ day of __April__ 2005.

___Essex___  
County

___Donald L. Dumas___  
Notary Public

My commission expires

DONALD L. DUMAS  
Notary Public, State of New York  
No. 01DU6083407  
Qualified in Franklin County  
My Commission Expires November 12, 20__06__

I, Elias Guerra, do here-by certify that I have served a true copy of the aforementioned document to the United States District Court for the District Of Massachusetts, One Courthouse Way Boston, Massachusetts 02110, to the attention of the Clerk Of Court for the Honorable Justice Patti b. Saris. Pre-paid postage has been affixed and this document has been given to prison officials for deposit in the United States Mail on this __5TH__ day of ___April___, 2005

Respectfully,

___Elias Guerra___  
Elias Guerra, Pro se

(5)