UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELIAS GUERRA,<br>      Petitioner,<br>    v.<br><br>UNITED STATES OF AMERICA | )<br>)<br>)<br>) CIVIL ACTION NO. 05-10440-PBS<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

May 24, 2006

Saris, U.S.D.J.

    <u>Pro se</u> Habeas Petitioner Elias Guerra seeks a modification of his sentence on the ground that he returned to this country in good faith after having been deported because of his dire family circumstances. He claims he received ineffective assistance of counsel because his lawyer did not challenge his prior conviction. After entering a guilty plea to illegal re-entry of a deported alien pursuant to 8 U.S.C. § 1326(a), he was sentenced on January 7, 2004 to 41 months of incarceration. While a motion for downward departure was filed on the ground of extraordinary family circumstances, no objections were made to the prior conviction for assault and battery on a police officer or the statement in the PSR that the conviction involved punching a police officer. Judgment entered on January 8, 2004. No appeal was filed.

This habeas petition, which was filed on March 7, 2005, is time-barred by the one year period of limitation in 28 U.S.C. § 2255 unless one of the exceptions applies. Here, the only possible exception is for when the one-year bar will run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

To escape the time bar, petitioner relies on Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254 (2005), which held that a sentencing court determining the character of an earlier conviction under the Armed Career Criminal Act is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 15. No appellate cases have been cited addressing whether Shepard should be applied retroactively. The Third Circuit, in an unpublished opinion, held that Shepard does not apply retroactively, on grounds that the Supreme Court must affirmatively make the rule retroactive. United States v. Armstrong, 151 Fed. Appx. 155, 157 (3d Cir. 2005) (citing Tyler v. Cain, 533 U.S. 656, 663 (2001)). Furthermore, district courts have unanimously agreed that the rule announced in Shepard does not have retroactive effect. See, e.g., Sock v. United States, 2006 U.S. Dist. LEXIS 26004, at *2 n.1 (D. Me. Mar. 27, 2006) (collecting cases); Darco v. United States, 2005 U.S. Dist. LEXIS

23223, at *13 (E.D.N.Y. July 28, 2005) (noting that "courts have uniformly held that Shepard is not retroactive"); Morales v. United States, 2005 U.S. Dist. LEXIS 5896, at *7 (D. Minn. Apr. 27, 2005) (noting that "the Supreme Court has given no indication that Shepard applies retroactively on collateral review").

Even assuming Shepard is extended to sentencing enhancements under U.S.S.G. § 2L1.2(b)(1)(A) and is applied retroactively, the Court did not look at extrinsic evidence to determine that Guerra had prior convictions for a felony crime of violence which triggered the enhancement.  The crime of assault and battery on a police officer has been held categorically to be a crime of violence under Massachusetts law.  See United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004), cert. denied, 544 U.S 923 (2005).  The petition is **DENIED**.

                                          **S/PATTI B. SARIS**
                                          United States District Judge